**Etleva COKU, a.k.a. Valbona Boci, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 08–4869–ag.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2009.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Raymond Lo, Kuzmin & Associates, P.C., New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Carl H. McIntyre, Assistant Director; Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Etleva Coku, a native and citizen of Albania, seeks review of a September 5, 2008 order of the BIA affirming the June 5, 2006 decision of Immigration Judge ("IJ") Alan L. Page, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Etleva Coku, a.k.a. Valbona Boci,* No. A78 631 538 (B.I.A. Sep. 5, 2008), *aff'g* No. A78 631 538 (Immig. Ct. N.Y. City Jun. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ based his decision on discrepancies in the record with regard to: (1) what types of injuries Coku had the first time she went to the hospital; (2) whether she was kidnaped and held captive by her fiancé; and (3) when she escaped from her alleged captivity.

In a pre-REAL ID Act case like the one at issue here, to form the basis of an adverse credibility determination a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003) *abrogated, in part, by Xiu Xia Lin v. Mukasey,* 534 F.3d 162 (2d Cir.2008).

Coku's testimony that the first time she went to the hospital she only had pain was clearly inconsistent with the medical certificate that indicated that she had contusions and lacerations. Additionally, while her alleged abduction and nine months in captivity was a significant aspect of her claim, the letter from her psychiatrist failed to mention either, and the letter from her mother did not make any reference to such an extensive period of captivity. Further, the letter from Coku's brother-in-law indicated that she had been released from captivity in May 2000, while she testified that she escaped in November 1999.

These inconsistencies and omissions in the record were substantial because they cast doubt on whether Coku was ever abused, abducted, or held in captivity for nine months by her fiancé, all of which are central aspects of her claim for relief. Moreover, the IJ properly declined to credit Coku's explanations for these inconsistencies where a reasonable fact-finder would not have been compelled to do so. *See e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

512

Accordingly, the IJ's denial of Coku's application for asylum was proper. Further, inasmuch as Coku's claims for withholding of removal and CAT relief share the same factual predicate as her asylum claim, the IJ's adverse credibility finding is fatal to those claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).